# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUAN CARLOS SANCHEZ-LAGUNES, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> CK RICHTON PARK, INC., an Illinois corporation, d/b/a ATHENS GYROS, and CONSTANTINE KANAVOS, an individual, <br><br> Defendants. | Case No. 17-cv-02504 |

## COLLECTIVE ACTION COMPLAINT

The Plaintiff, Juan Carlos Sanchez-Lagunes ("Plaintiff" or "Sanchez-Lagunes"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, hereby complains against Defendants, CK Richton Park, Inc., d/b/a Athens Gyros ("Athens Gyros") and Constantine Kanavos ("Kanavos"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL").

2. Defendants violated federal and state overtime laws by failing to pay Plaintiff, and other similarly situated cooks, food preparers and dishwashers, an overtime premium when they worked more than 40 hours in individual workweeks.

3. Plaintiff's FLSA claim is brought as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party is attached as Exhibit A.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

6. Plaintiff Sanchez-Lagunes is a former employee of the Defendants. Plaintiff previously worked for the Defendants from approximately April, 2014 through November 30, 2016.

7. Defendants employed Plaintiff as a food preparer and dishwasher.

8. Defendant Athens Gyros is a restaurant engaged in selling and serving prepared food and beverages to customers for consumption on or off the premises.

9. Defendant Athens Gyros is operated by CK Richton Park, Inc., an Illinois corporation, and is doing business at 3941 Sauk Trail in Richton Park, Illinois.

10. The president and registered agent for Defendant Athens Gyros are located within this judicial district.

11. Upon information and belief, Defendant Athens Gyros earned more than $500,000 in annual gross revenue during 2014, 2015 and 2016.

12. During the last three years before the filing of this suit, two or more employees of

Defendant Athens Gyros have handled, sold, or otherwise worked on goods or material, including, but not limited to, food, food products, and beverages, that were transported or produced out of state.

13. Upon information and belief, Defendant Kanavos is an owner of Defendant Athens Gyros. Mr. Kanavos is the president, secretary and registered agent for the operating entity, CK Richton Park, Inc.

14. Defendant Kanavos possessed ultimate control over the day-to-day operations of Athens Gyros. Kanavos hired and fired employees, supervised and controlled work schedules and other conditions of employment, determined the rate and method of wage payment, and maintained employment records.

15. Upon information and belief, Defendant Kanavos resides in and is domiciled within this judicial district.

**COMMON ALLEGATIONS**

16. Plaintiff, and other non-exempt cooks, food preparers and dishwashers, were directed to work, and did work, more than 40 hours in individual workweeks.

17. During the period from approximately April, 2014 through December, 2015, Plaintiff was regularly scheduled to work six days per week from 10:00 a.m. to 10:00 p.m. During 2016, Plaintiff regularly worked six days per week for ten hour days each day.

18. Based on his work schedule, Plaintiff regularly worked approximately 72 hours in individual workweeks for the Defendants from April, 2014 through December, 2015, and 60 hours in individual work weeks during 2016.

19. Defendants paid Plaintiff on an hourly basis at the rate of $8.25 per hour during the period from April, 2014 through approximately August, 2016; and $9.00 per hour from approximately September, 2016 through November 30, 2016.

20. Defendants did not compensate Plaintiff, and other non-exempt cooks, food preparers and dishwashers, at one and one-half times their regular hourly rates of pay for hours worked in excess of 40 in individual workweeks.

21. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

22. In order to conceal their failure to pay overtime compensation, Defendants paid Plaintiff by check for only a portion of his hours, less than forty (40) hours per week, and paid for the remainder of Plaintiff's hours in cash.

23. Defendants paid Plaintiff's overtime compensable hours in cash at his straight-time rate of pay.

24. In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 CFR Part 516, 820 ILCS § 105/8, and 56 Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs and other non-exempt employees.

25. Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4 and 820 ILCS § 105/9.

**COLLECTIVE ACTION ALLEGATIONS**

26. Plaintiff brings his FLSA claim as a collective action on behalf of himself and other similarly situated cooks, food preparers and dishwashers that worked for Defendants during the last three years before the filing of this suit.

27. During the last three years before the filing of this suit, Plaintiff, and other similarly situated cooks, food preparers and dishwashers had substantially similar job descriptions, job requirements, and pay rates.

28. Plaintiff, and other similarly situated employees, were subject to Defendants' common policies and plans to violate the FLSA by willfully refusing to pay overtime compensation to cooks, food preparers and dishwashers and depriving the employees of their earned wages.

29. During the last three years before the filing of this suit, Defendants had a common policy and practice of paying cooks, food preparers and dishwashers at their straight-time rates of pay for all hours worked.

30. Defendants failed to pay Plaintiff, and other similarly situated cooks, food preparers and dishwashers at one-and-one-half times their regular hourly rates of pay when they worked more than 40 hours in an individual workweek.

31. Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

32. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

33. There are numerous similarly situated current and former cooks, food preparers and dishwashers who worked for Defendants and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

34. The similarly situated current and former cooks, food preparers and dishwashers are known to the Defendants and are identifiable in Defendants' payroll records.

# COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

35. Plaintiff hereby incorporates paragraphs 1 through 34 as though stated herein.

36. Throughout his employment with Defendants, Plaintiff was an "employee" under the FLSA, 29 U.S.C. § 203(e)(1).

37. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

38. During the course of Plaintiff's employment, Defendants employed other cooks, food preparers and dishwashers who were similarly not exempt from the overtime wage provisions of the FLSA.

39. Throughout Plaintiff's employment, Defendants were each an "employer" of Plaintiff as defined in the FLSA, 29 U.S.C. § 203(d).

40. Defendant Athens Gyros was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

41. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other non-exempt cooks, food preparers and dishwashers worked more than 40 hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

42. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

43. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. In an attempt to conceal their overtime violations, Defendants paid for only a portion of Plaintiff's hours by check, less than

forty (40) hours per week, and paid the remainder of Plaintiff's hours including Plaintiff's overtime compensable hours "under the table" in cash. Upon information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue departmental agencies. Additionally, Defendants violated the Act's recordkeeping regulations and posting requirements.

**WHEREFORE**, the Plaintiff, Juan Carlos Sanchez-Lagunes, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, CK Richton Park, Inc., d/b/a Athens Gyros, and Constantine Kanavos, as follows:

- A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

- B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

- C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

- D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

44. Plaintiff hereby incorporates paragraphs 1 through 34 as though stated herein.

45. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

46. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

47. During the course of Plaintiff's employment, Defendants employed other cooks, food preparers and dishwashers who were similarly not exempt from the overtime wage provisions of the IMWL.

7

48. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

49. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other non-exempt cooks, food preparers and dishwashers worked more than 40 hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

50. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Juan Carlos Sanchez-Lagunes, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, CK Richton Park, Inc., d/b/a Athens Gyros, and Consantine Kanavos, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D. Such other and further relief as this Court deems appropriate and just.

Dated: March 31, 2017

Respectfully submitted,
Juan Carlos Sanchez-Lagunes, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, Plaintiff

/s/ Nicholas P. Cholis
_____
One of the attorneys for the Plaintiff

Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
Attorneys for Plaintiff
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com
ncholis@nolanwagelaw.com